UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OAKWOOD HEALTHCARE, INC.**<br><br>    Plaintiff,<br><br>    v.<br><br>**SERVICE EMPLOYEES INTERNATIONAL UNION,** *et al*,<br><br>    Defendants. | Civil Action No. 07-mc-458(HHK(AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court is Oakwood Healthcare, Inc.'s Motion for Order Compelling Production of Documents in Compliance with Rule 45 Subpoena [1], the Service Employees International Union's Opposition [4], and Oakwood's Reply [5].  Oakwood seeks an order compelling the Service Employees International Union to comply with a subpoena that Oakwood served on September 14, 2007.  For the reasons set forth below, Oakwood's Motion is granted

**I.    Background**

This discovery dispute relates to the case *Cason-Merendo, et al. v. Detroit Medical Center, et al.* (No. 2:06-cv-15601), which is currently pending in the United States District Court for the Eastern District of Michigan, Southern Division.  (Pl.'s Mem. Supp. Mot. to Compel [1-2] ("Pl.'s Mem.") at 4.)  *Cason-Merendo* is an antitrust class action suit against eight

---

[1] The case was referred to the undersigned Magistrate Judge for resolution of Oakwood Healthcare, Inc.'s Motion for Order Compelling Production of Documents in Compliance with Rule 45 Subpoena, pursuant to Local Civil Rule 72.2(a).  (*See* Order [3] dated 11/21/07.)

Southeastern Michigan hospital systems, including Oakwood Healthcare, Inc. ("Oakwood"), that alleges a conspiracy to fix and suppress the wages of registered nurses. (*Id*.) *Cason-Merendo* is one of five similar nurse wage antitrust cases that were filed in 2006. (*Id*. at 5.) The other cases are currently pending in the Northern District of New York, the Northern District of Illinois, the Western District of Tennessee, and the Western District of Texas. (*Id*.)

As part of its discovery related to the issue of class certification, Oakwood served a Rule 45 subpoena on the Service Employees International Union ("SEIU") on September 14, 2007. (*Id*.) Oakwood asserts that the SEIU has subsidized the five pending nurse wage antitrust actions despite the fact that none of the registered nurses at any of the hospital systems named as defendants in these actions are currently represented by the SEIU. (*Id*.) Oakwood further asserts that the SEIU seeks to use these lawsuits "as a tactical weapon in a broader arsenal to press/persuade Defendants and others to 'partner' or enter into a 'strategic alliance' with the union." (*Id*.) Oakwood therefore seeks discovery on the SEIU's motive for bringing these cases insomuch as that motive bears on the ability of the named plaintiffs and class counsel to adequately represent the class in *Cason-Merendo*. (*Id*. at 5-6.)

Oakwood's subpoena to the SEIU sought four categories of documents:

1. All Complaints, including any Amended Complaints, in any class action and/or collective action, including, but not limited to any collective action brought pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), in which the SEIU has, or had, a funding relationship with any of the named plaintiffs' counsel relating to legal fees, costs and/or expenses.

2. All Documents consisting of, concerning or referring to any agreement relating to the recognition of the SEIU or a labor organization engaged in a joint organizing campaign with the SEIU as the collective bargaining representative of any employees of any defendant in any Complaint identified and/or produced in response to Request No. 1 above, including, but not limited to, any voluntary recognition agreement, card check agreement and/or neutrality agreement.

2

3. All Documents consisting of, concerning or referring to any communication between the SEIU and any defendant in any Complaint identified or produced in response to Request No. 1 above, relating to any prospective or possible agreement that might lead to the recognition of the SEIU or a labor organization engaged in a joint organizing campaign with the SEIU as the collective bargaining representative of any of the employees of such defendant, including, but not limited to, any voluntary recognition agreement, card check agreement and/or neutrality agreement.

4. All Documents consisting of, concerning or referring to any attempt, effort and/or plan to seek an agreement and/or possible agreement relating to the recognition of the SEIU or a labor organization engaged in a joint organizing campaign with the SEIU as the collective bargaining representative of any employees of any defendant in a Complaint identified or produced in response to Request No. 1 above, including, but not limited to, any voluntary recognition agreement, card check agreement and/or neutrality agreement.

(Pl.'s Mem., Ex. 1 [1-3] at 4.)

On October 29, 2007, in an attempt to resolve the discovery dispute without judicial intervention and to address SEIU's objections to the subpoena, Oakwood made the following four-part proposal:

1. The SEIU will comply with Requests No. 1 and 2 of the Subpoena;

2. The SEIU will provide a Declaration listing the names of any defendants in any SEIU Subsidized Class Action during the period from January 1, 2000 until present from which it attempted and/or planned to obtain any voluntary recognition agreement, neutrality agreement and/or card check agreement during the same time period. The Declaration will also identify, by defendant, the names, office addresses and positions of the SEUI personnel principally involved in the attempt, plan and/or effort to obtain any such Recognition Agreement from each such defendant.

3. Based upon the above disclosures, Oakwood will identify five SEIU employees for each defendant listed in the Declaration, who will have their hard copy and electronic files searched. The SEIU will search the five employees' files and produce documents responsive to Request Nos. 3 and 4 of the Subpoena.

4. Oakwood agrees not to request searches of additional SEIU employees' hard copy and electronic files for documents responsive to Requests Nos. 3 and 4 except for good cause.

(Pl.'s Mem., Ex. 3 [1-5] at 3.)  In its present Motion to Compel, Oakwood asserts that it is entitled to discovery sought under the subpoena, as that request is modified by the October 29 letter.  (Pl.'s Mem. at 5.)

**II.**     **Discussion**

Federal Rule of Civil Procedure 23 sets forth the prerequisites for maintaining an action as a class action.  It provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).  The fourth prerequisite, adequacy, has two components: "First, class counsel must be 'qualified, experienced and generally able' to conduct the litigation. Second, the class members must not have interests that are 'antagonistic' to one another." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (quoting *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968).  If a representative party is "motivated by interests adverse to the class as a whole," the adequacy requirement is not satisfied. *Kamean v. Local 363, Int'l Bhd. of Teamsters*, 109 F.R.D. 391, 395 (S.D.N.Y 1986).  Therefore, to certify this case as a class action, "the plaintiffs must demonstrate not only that they share the general interest of the absent class members in recapturing the compensation allegedly due them, but also that they do not possess other, potentially conflicting interests that could impair the faithful performance of their duties as class representatives." *Id*. (citing *Hansberry v. Lee*, 311 U.S. 32, 44 (1940)).

4

The parties to this litigation must be afforded an opportunity for discovery prior to class-certification so that they may explore whether the prerequisites to class certification set forth in Rule 23(a) are satisfied. *Hubbard v. Potter*, No. 03-1062, 2007 WL 605949, at *2 (D.D.C. Feb. 22, 2007) (quoting *Nat'l Org. for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 276 (D. Conn. 1980). One proper subject of pre-certification discovery is whether there is a conflict of interest between class counsel and the members of the class. *Stavrides v. Mellon Nat'l Bank & Trust Co.*, 60 F.R.D. 634, 637 (W.D. Pa. 1973) (granting defendant's motion to compel discovery from plaintiff about violations of the Code of Professional Responsibility by plaintiff's counsel). Another proper subject of pre-certification discovery is whether the representative "party is motivated by an adverse interest to the class as a whole." *In re Fedex Ground Package Sys., Inc.*, No. 3:05-md-527, 2007 WL 733753, at * 2 (N.D. Ind. March 5, 2007).

Oakwood argues that the documents it seeks in its subpoena to the SEIU, as amended by its October 29 proposal, are relevant to (1) the adequacy of class counsel and (2) whether a conflict exists between the named plaintiffs and the absent members of the class. (Pl.'s Mem. at 5.) Oakwood points to the fact that the SEIU has "played 'a critical role' in the genesis of the litigation, retaining economists, researchers, investigators and a law firm," all of which occurred before any actual plaintiffs were identified. (*Id*. at 6-7.) Oakwood then asserts that the SEIU has taken these actions not to benefit any of the named plaintiffs - neither of whom are SEIU members - but rather "as part of a broader effort to organize nurses" at the defendant hospital systems. (*Id*. at 6.) Accordingly, Oakwood is seeking discovery about other similar lawsuits that the SEIU funded as part of an effort to establish that the adequacy requirement has not been met and that this lawsuit should not be certified as a class action.

The SEIU objects to the subpoena on the basis of relevance. (Opp'n [4] at 3.) While the SEIU concedes that a proper subject of discovery in this litigation is "whether the Named Plaintiffs and their lawyers can act independently of the union," its asserts that Oakwood is not entitled to discovery that relates to "other markets, other employers, and other lawsuits." (*Id*. at 3, 5.) The Court disagrees with the SEIU's analysis because evidence of the SEIU's involvement in similar lawsuits and evidence of their motive for such involvement could assist Oakwood in demonstrating that the SEIU had an improper motive in funding and supporting the present lawsuit. Therefore the documents that are detailed in the subpoena are relevant to whether the named plaintiffs and class counsel can adequately represent the class or whether there is a conflict of interest that would defeat Rule 23's adequacy requirement.

However, the Court is concerned that the language of Request No. 1 is not sufficiently directed at the discovery of relevant evidence. Request No. 1 asks the SEIU to produce complaints in class actions in which the SEIU had a funding relationship with named plaintiffs' counsel. The request would therefore seem to include any suit in which SEIU had a funding relationship with named plaintiff's counsel, even if that suit was not against a hospital system or did not relate to the wages of registered nurses. Additionally, Request No. 1 speaks of "named plaintiff's counsel," which could be interpreted to mean either (1) counsel for the named plaintiffs in *Cason-Merendo*, or (2) counsel for the named plaintiffs in the class actions for which the SEIU provided funding. To cure the ambiguity and potential overbreadth of this request, the Court will re-write it to add the following language (in italics):

> All Complaints, including any Amended Complaints, in any class action and/or collective action, *against a hospital or hospital system*, including, but not limited to any collective action brought pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), in which the SEIU has, or had, a funding

6

relationship with any of the named plaintiffs' counsel *in that class action or collective action* relating to legal fees, costs and/or expenses.

The Court finds that Requests Nos. 2-4, as modified by the October 29, 2007 proposals, are sufficient in their present form.

### III.  Conclusion

For the foregoing reasons, it is this  14th   day of December, 2007,  hereby

**ORDERED** that Oakwood Healthcare, Inc.'s Motion for Order Compelling Production of Documents in Compliance with Rule 45 Subpoena in **granted**; and it is further

**ORDERED** that within twenty days of this Order the Service Employees International Union shall comply with Oakwood's Subpoena, as it is modified by the October 29, 2007 proposals and the revised language for Request No. 1 set forth by this Court.


                                          /s/
                                          ALAN KAY
                                          UNITED STATES MAGISTRATE JUDGE